**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No.: 0:21-cv-62130

IULIA DUDENKO,

      Plaintiff,

vs.

ATELIER COUTURE, INC., ARIE
CORCOS, and SHANI CORCOS,

      Defendants.

_____/

## COMPLAINT

      Plaintiff Iulia Dudenko ("Plaintiff") hereby sues Defendants Atelier Couture, Inc. ("Atelier"), Arie Corcos, and Shani Corcos (Arie Corcos and Shani Corcos collectively referred to as the "Individual Defendants") and alleges as follows:

### NATURE OF THE CASE

      1.    This is a case about the Defendants' failure to pay Plaintiff minimum wages and overtime wages.

### JURISDICTION AND VENUE

      2.    Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over Plaintiff's claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

      3.    The Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

      4.    Pursuant to 28 U.S.C. § 1391(b), venue lies in Broward County because a substantial

1

part of the events giving rise to these claims occurred within this District.

5.     All conditions precedent have been performed or were waived or excused.

## THE PARTIES

6.     At all times material hereto, Plaintiff resided in Florida.

7.     At all times material hereto, the Individual Defendants resided in Florida, spent significant amounts of time living in Florida, and owned and operated a business with its principal place of business in Florida.

8.     Atelier is a Florida corporation that does business in Florida, has offices in Florida, and maintains agents in Florida.

9.     At all times material hereto, the Individual Defendants were involved in the day-to-day operation of Atelier, had some direct responsibility for the supervision of Plaintiff, had the power to hire and fire Plaintiff, controlled Plaintiff's work schedules or terms, conditions, or privileges of employment, determined the rate and method of payment, or maintained employment records, or some combination thereof.

## GENERAL ALLEGATIONS

10.     Atelier runs a clothing store in Gulfstream Park, which is located Hallandale Beach, Florida, called Atlier Couture.

11.     Atlier Couture sells luxury men's and women's clothing.

12.     From April of 2019 to March of 2020, Plaintiff worked for the Defendants as a sales associate at Atlier Couture.

13.     For a majority of her employment, Plaintiff worked on average 45 hours per week.

14.     Defendants paid Plaintiff $10.00 an hour plus a 2% sales commission and paid Plaintiff on a bi-weekly basis.

15.     Plaintiff was under the control and direction of the Individual Defendants.

16.     Plaintiff was generally responsible for, among other things, assisting customer with clothing purchases and returns and organizing the store's inventory.

17.     Plaintiff also performed clerical or secretarial work, recorded or tabulated data, and performed other mechanical, repetitive, recurrent or routine work.

18.     At all times material hereto, Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

19.     At all times material hereto, Defendants told Plaintiff what to do and how to do it with respect to the tasks he performed.

20.     Defendants failed to pay Plaintiff for hours worked in excess of 40 hours in a week and at the appropriate over time rate.

21.     Beginning in September of 2019, Defendants began withholding Plaintiff's paychecks and would, periodically, give Plaintiff random sums of cash or checks for random sums of money.

22.     Defendants failed to pay Plaintiff for all hours worked in a given work week and, to date, owe Plaintiff wages for hours worked.

### COUNT I – FLSA VIOLATION (UNPAID OVERTIME WAGES)
**Against All Defendants**

Plaintiff incorporates paragraphs 1 through 22 as though fully set forth herein.

23.     At all times material hereto, Plaintiff was a covered employee under the FLSA.

24.     Atelier was at all times material hereto engaged in interstate commerce.

25.     The FLSA applies to Atelier's business activities and to Plaintiff's work for Atelier in that both affected interstate commerce for the relevant time period.

26.     Atelier operated as an organization which sold or marketed its services or goods to

3

customers throughout the United States via the internet, solicited funds from sources outside Florida, accepted funds from sources outside of Florida, used telephonic transmissions and sent mail and e-mail over state lines to do business, or transmitted funds outside of Florida, or some combination thereof.

27.     Atelier regularly employed two or more employees for the relevant time period.

28.     Atelier, upon information and belief, had, individually or collectively, gross revenues which exceeded $500,000.00 for each of the past three (3) years and has otherwise engaged in interstate commerce.

29.     The services performed by Plaintiff affected interstate commerce.

30.     Thus, Atelier was at all times material hereto an enterprise engaged in commerce or in the production of goods or services for commerce.

31.     Plaintiff was a non-exempt employee of Atelier who worked in excess of forty (40) hours during one or more workweeks within the three (3) years of the filing of this lawsuit.

32.     Atelier had notice of, or had actual knowledge of, all of the hours worked by Plaintiff, including any hours in excess of forty (40) per week.

33.     Atelier failed to pay Plaintiff at the appropriate overtime rate for hours worked in excess of forty (40) per week in violation of 29 U.S.C. §§ 201-219.

34.     Each of the Individual Defendants are an "employer" under the FLSA and are, thus, jointly and severally liable for unpaid overtime wages.

35.     Defendants' violations of the FLSA were willful in that it knew that they knew they were violating the FLSA. Alternatively, Defendants acted in reckless disregard as to whether they were violating the FLSA.

36.     Plaintiff is entitled to liquidated damages.

4

37.     Plaintiff suffered damages as a result of Defendants' violations.

38.     Plaintiff has retained the undersigned law firm to represent her in this action and are obligated to pay a reasonable fee and costs.

**WHEREFORE**, Plaintiff Iulia Dudenko respectfully requests that the Court enter a judgment decreeing that Defendants Atelier Couture, Inc., Arie Corcos, and Shani Corcos willfully or intentionally violated the FLSA, enjoining their violations of the FLSA, and awarding actual damages for unpaid overtime, liquidated damages, interest, attorneys' fees and costs pursuant to 29 U.S.C. § 216, and any additional relief deemed appropriate by the Court.

## COUNT II – FLSA VIOLATION (UNPAID MINIMUM WAGES)
### Against All Defendants

Plaintiff incorporates paragraphs 1 through 22 as though fully set forth herein.

39.     At all times material hereto, Plaintiff was a covered employee under the FLSA.

40.     Atelier was at all times material hereto engaged in interstate commerce.

41.     The FLSA applies to Atelier's business activities and to Plaintiff's work for Atelier in that both affected interstate commerce for the relevant time period.

42.     Atelier operated as an organization which sold or marketed its services or goods to customers throughout the United States via the internet, solicited funds from sources outside Florida, accepted funds from sources outside of Florida, used telephonic transmissions and sent mail and e-mail over state lines to do business, or transmitted funds outside of Florida, or some combination thereof.

43.     Atelier regularly employed two or more employees for the relevant time period.

44.     Atelier, upon information and belief, had gross revenues which exceeded $500,000.00 for each of the past three (3) years and has otherwise engaged in interstate

commerce.

45.     The services performed by Plaintiff affected interstate commerce.

46.     Thus, Atelier was at all times material hereto an enterprise engaged in commerce or in the production of goods or services for commerce.

47.     The FLSA obligated Atelier to pay Plaintiff at or above the federal minimum wage.

48.     Atelier failed the pay Plaintiff the required minimum wage.

49.     Each of the Individual Defendants are an "employer" under the FLSA and are, thus, jointly and severally liable for unpaid overtime wages.

50.     Defendants' violations of the FLSA were willful in that it knew that they knew they were violating the FLSA. Alternatively, Defendants acted in reckless disregard as to whether they were violating the FLSA.

51.     Plaintiff is entitled to liquidated damages.

52.     Plaintiff suffered damages as a result of Defendants' violations.

53.     Plaintiff has retained the undersigned law firm to represent her in this action and are obligated to pay a reasonable fee and costs.

   **WHEREFORE**, Plaintiff Iulia Dudenko respectfully requests that the Court enter a judgment decreeing that Defendants Atelier Couture, Inc., Arie Corcos, and Shani Corcos willfully or intentionally violated the FLSA, enjoining their violations of the FLSA, and awarding actual damages for unpaid minimum wages, liquidated damages, interest, attorneys' fees and costs pursuant to 29 U.S.C. § 216, and any additional relief deemed appropriate by the Court.

## COUNT III – VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION AND § 448.110  FLORIDA STATUTES (MINIMUM WAGE)

**Against Atelier**

Plaintiff incorporates paragraphs 1 through 22 as though fully set forth herein.

54.     Pursuant to Article X, Section 24 of the Florida Constitution and § 448.110 Florida

Statutes, Atelier was required to pay Plaintiff at least the applicable Florida minimum wage.

55.     During Plaintiff's employment, Atelier paid Plaintiff less than Florida's minimum

wage.

56.     Atelier acted willfully.

**WHEREFORE**, Plaintiff Iulia Dudenko respectfully requests that the Court enter a

judgment decreeing that Defendant Atelier Couture, Inc., willfully or intentionally violated the

Article X of the Florida Constitution by failing to pay minimum wage, and awarding back wages,

liquidated damages, interest, attorneys' fees and costs pursuant to Fla. Stat. § 448.110, finding that

Atelier willfully violated Article X of the Florida Constitution, ordering Atelier to pay a $1,000.00

fine to the State of Florida for each such willful violation, and any additional relief deemed

appropriate by the Court.

<u>**COUNT IV – QUANTUM MERUIT**</u>
**Against Atelier**

Plaintiff incorporates paragraphs 1 through 22 as though fully set forth herein.

57.     Plaintiff provided services to Atelier.

58.     Atelier acquiesced in the provision of services by Plaintiff.

59.     Atelier was aware that Plaintiff expected to be compensated.

60.     Atelier failed to compensate Plaintiff and was unjustly enriched thereby.

**WHEREFORE**, Plaintiff Iulia Dudenko respectfully requests that the Court enter a

judgment awarding damages, attorneys' fees and costs pursuant to Fla. Stat. § 448.08, interest,

and any additional relief deemed appropriate by the Court.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Iulia Dudenko hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

By:  */s/Alejandro F. Garcia*
Alejandro F. Garcia, Esq.
Florida Bar No. 98505
agarcia@ramhofergarcia.com
RAMHOFER | GARCIA
11900 Biscayne Blvd.
Suite 742
North Miami, FL 33181
Telephone: (305) 481-9733
Facsimile:  (954) 697-0341
*Attorney for Plaintiff*